JENKS v JENKS

Opinion of the Court

1. Appeal and Error—Judgment—Modification of Judgment.

A trial court's findings will be upheld where the findings are supported by the record and where the Court of Appeals is convinced that had it sat as the trial judge it would have reached the same result; however, the trial court's judgment may be modified in order to more adequately protect the interests of the parties.

Dissent by Beasley, J.

2. Vendor and Purchaser—Oral Contracts—Specific Performance—Mortgages.

*A plaintiff who is entitled to specific performance of an oral contract to convey real property should not be penalized by a requirement that, in order to protect defendants from liability on their mortgage, plaintiff either obtain a mortgage on the property within a short period of time or lose her interest in the property, where judicial notice may be taken that the plaintiff is a single woman and that a single woman often has difficulty qualifying for a real estate mortgage.*

Appeal from Oakland, William P. Hampton, J. Submitted May 5, 1976, at Lansing. (Docket No. 24403.) Decided August 23, 1976.

Complaint by Naomi N. Jenks against Lloyd Jenks and Helen Jenks for enforcement of an agreement to convey real estate. Judgment for plaintiff. Defendants appeal. Affirmed with modifications.

References for Points in Headnotes

[1] 76 Am Jur 2d, Trial § 1267.

[2] 71 Am Jur 2d, Specific Performance §§ 19, 20.

*Bell & Hertler, P. C.,* for plaintiff.

*Paul G. Valentino, J. D., P. C.,* for defendants.

Before: QUINN, P. J., and D. E. HOLBROOK and BEASLEY, JJ.

QUINN, P. J. Defendants appeal from a judgment that required them to convey certain real estate to plaintiff on the basis of an oral agreement to do so. The only argument made on appeal is that the oral agreement was unenforceable because it was void under the statute of frauds.

The trial court found sufficient part performance to bring the oral contract within MCLA 566.110; MSA 26.910. This finding is supported by the record. Had we sat as the trial court, we would have reached the same result.

We find that the judgment below does not adequately protect the interests of these defendants. The final two paragraphs of that judgment are stricken and the judgment is amended as follows:

"It is ORDERED and ADJUDGED that in the event plaintiff pays defendants $1,100 plus interest at 6% from October 1, 1973 and satisfies and discharges that mortgage to Community National Bank recorded in liber 6095, page 523, Oakland County Register of Deeds, both obligations to be satisfied on or before October 1, 1976, judgment of specific performance of the oral agreement and requiring defendants to execute and deliver to plaintiff a good and sufficient deed of conveyance of said land may enter, and if plaintiff performs as specified and defendants neglect or refuse to execute and deliver said deed, plaintiff may record the judgment with like effect.

"It is further ORDERED that on the failure of plaintiff to perform as specified, her complaint is dismissed."

As amended, the judgment below is affirmed but without costs, neither party having prevailed in full.

D. E. Holbrook, J., concurred.

Beasley, J. *(dissenting)*. In this case the trial judge, in writing, rendered an opinion and made findings of fact. Judgment was entered in accordance with his opinion and findings, granting plaintiff specific performance of an oral agreement.

The majority affirm the findings and the grant of specific performance. It is only with respect to the implementing provisions of the judgment that the majority do not affirm.

The majority would require plaintiff to qualify and be accepted as mortgagor within a short period of time so as to release defendants from any liability on the mortgage or, in the event of failure, to lose all her interest in the subject real property. Noting that on this record plaintiff is a single woman and taking judicial notice of the difficulty that a single woman often has in qualifying for a real estate mortgage, I find the possibility of such a penalty inequitable.

Plaintiff should be entitled to specific performance of the oral agreement upon payment of the one thousand one hundred ($1,100) dollars plus interest, but I would not penalize her if she is unable to obtain a release of defendants by the mortgage holder. If plaintiff pays the mortgage according to its terms, I see no harm to defendants.

The only way defendants would possibly be hurt would be if plaintiff defaulted in paying the mortgage, the mortgage was foreclosed and an insufficient amount was realized at the foreclosure sale

to satisfy the then balance on the mortgage and the mortgagee then sought and obtained a deficiency judgment against defendants.

Although that contingency seems unlikely, defendants should be protected against it. I assume by continuing jurisdiction the trial judge intended to afford such protection and to see that equity was done.

Therefore, I would affirm.